IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NELSON MAURICIO, | § | |
| TDCJ #860943, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0706 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Nelson Mauricio (TDCJ #860943), seeks a writ of habeas corpus to set aside a state court judgment under 28 U.S.C. § 2254. The respondent has filed a motion to dismiss, arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). (Docket No. 7). The Court granted Mauricio two extensions of time in which to file a reply. (Docket Nos. 9, 11). Mauricio has not filed a reply and the extended deadline to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

### I.    BACKGROUND

Mauricio is currently in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ") as the result of a judgment of conviction entered against him in cause number 780910. A local grand jury returned an

indictment against Mauricio in that case, charging him with murder in connection with a drive-by shooting. Mauricio pleaded guilty to the charges against him without an agreed recommendation from the State as to punishment. In doing so, Mauricio signed a written waiver of his constitutional rights, which included a hand-written judicial confession to the charged offense. *See Clerk's Record*, at 39. During the guilty-plea colloquy before the 178th District Court of Harris County, Texas, Mauricio admitted that he shot the victim with a shotgun while riding as a passenger in a stolen vehicle. *See Court Reporter's Record*, Plea Hearing, Oct. 28, 1998, at 8. By agreement of the parties, the trial court withheld sentencing pending the completion of a pre-sentence investigation ("PSI") and punishment hearing. *See Clerk's Record*, at 40.

During the punishment proceeding, the prosecutor argued that Mauricio callously gunned down the victim with an .18-gauge shotgun during a drive-by shooting. *See Court Reporter's Record*, PSI Hearing, Jan. 12, 1999, at 3-4. The hearing transcript reflects that Mauricio, who belonged to a street gang, confessed to the shooting in a statement that was videotaped by police. *See id*. at 8. During his PSI interview, Mauricio admitted that he used an .18-gauge shotgun to commit the drive-by shooting, but explained that he was only trying to scare members of a rival gang and that he did not intend to kill anyone. *See Clerk's Record*, at 50-52. After considering all of the evidence and argument, the trial court found Mauricio guilty as charged and sentenced him to 50 years' imprisonment on January 12, 1999. *See id*. at 77.

On direct appeal, Mauricio complained that the trial court erred by considering the PSI report before finding him guilty and that the sentence imposed was disproportional to the offense. The intermediate court of appeals rejected his arguments and affirmed the conviction in an unpublished opinion. *See Mauricio v. State*, No. 14-99-00212-CR (Tex. App. — Houston [14th Dist.] April 27, 2000). The Texas Court of Criminal Appeals denied Mauricio's petition for discretionary review on September 27, 2000. *See In re Mauricio*, PD-1210-00 (Tex. Crim. App.). Mauricio did not appeal further by filing a petition for a writ of certiorari with the United States Supreme Court.

Mauricio now seeks a writ of habeas corpus to challenge his murder conviction under 28 U.S.C. § 2254. In the pending petition, which was filed on February 13, 2011,[1] Mauricio argues that he has new evidence of his actual innocence, which he first discovered on January 8, 2009. In support, Mauricio provides a statement from his brother-in-law, Osbal Benitez, who describes how he flattened some shotgun "slugs" with a vise in an effort to show that the victim was shot by a .20-gauge shotgun, and not a .12-gauge shotgun. Arguing that this new evidence exculpates him as the actual shooter, Mauricio contends that he is entitled to relief from his murder conviction for the following reasons: (1) the conviction and the sentence are based on "false evidence"; (2)

---

[1] The Clerk's Office received the petition on February 24, 2011, and filed it that same day. That petition was executed on February 13, 2011, indicating that Mauricio placed his pleadings in the mail that day. Under the "mailbox rule," a reviewing court treats the date a *pro se* prisoner deposits his habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

his guilty plea was involuntary and unknowing; and (3) he was denied effective assistance of counsel. The respondent argues that the petition must be dismissed as untimely under the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). The parties' contentions are discussed further below under the governing standard of review.

## II.     DISCUSSION

### A.     One-Year Statute of Limitations

This federal habeas corpus proceeding is governed by the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). According to the AEDPA, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). The Supreme Court has recognized that "AEDPA's purpose [is] to further the principles of comity, finality, and federalism." *Williams v. Taylor*, 529 U.S. 420, 436 (2000); *Duncan v. Walker*, 533 U.S. 167, 178 (2001). The statute of limitations found in § 2244(d)(1) "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179. Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

As outlined above, Mauricio challenges a judgment that was entered against him following his guilty plea on January 12, 1999. Where a state court judgment is

challenged on federal review, the AEDPA statute of limitations ordinarily begins to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As outlined above, the Texas Court of Criminal Appeals denied Mauricio's petition for discretionary review on September 27, 2000. Although Mauricio did not appeal further by filing a petition for a writ of certiorari with the United States Supreme Court, his time to do so expired on or about December 27, 2000. That date triggered the AEDPA statute of limitations, which expired one-year later on or about December 27, 2001. Under this analysis, the pending habeas corpus petition, dated February 13, 2011, is overdue by nearly ten years.

In this case, Mauricio claims that he did not discover the factual predicate for his claims until January 8, 2009, when he "received notice of scientific test results" of shotgun slug analysis performed by his brother-in-law. (Docket No. 1, at 9). Where newly discovered evidence is asserted in support of a claim, the AEDPA statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1(D). As the respondent notes, the facts underlying Mauricio's claim (that he his conviction is based on "false evidence" because he was not the actual shooter) would have been available, or could have been available if due diligence had been used, before Mauricio entered his guilty plea in October of 1998. Even assuming that Mauricio did not discover the factual predicate underlying his claims until January 8, 2009, however, the AEDPA

5

statute of limitations on these claims expired one-year later on January 8, 2010. The pending federal habeas petition, which is dated February 13, 2011, is still late and is time-barred unless an exception applies.

B.     **Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. The record shows that, on April 26, 2010, Mauricio filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. In that application, which was his second one,[2] Mauricio presented the same claims outlined in his pending federal habeas petition, namely, that his conviction was false because he had newly discovered evidence showing that he was not the actual shooter. Mauricio argued, therefore, that his guilty plea was invalid and that his defense counsel was ineffective. The state habeas corpus court entered findings of fact and concluded that Mauricio failed to show that his claims "could not have been presented previously because the factual or legal basis for the claim was unavailable or that, by a preponderance of the evidence, but for a violation of the United States Constitution, no rational juror could have found [Mauricio] guilty beyond a reasonable doubt." The Texas

---

[2]   On September 29, 2001, Mauricio filed an initial state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. In that application, he raised the same issues that he presented on direct appeal. The state habeas corpus court entered findings of fact and concluded that Mauricio was not entitled to relief. The Texas Court of Criminal Appeals agreed and denied the application, without a written order, on January 2, 2002. *See Ex parte Mauricio*, No. 50,995-01.

Court of Criminal Appeals agreed and dismissed the application on June 23, 2010, as an abuse of the writ for purposes of Article 11.07, § 4 of the Texas Code of Criminal Procedure. *See Ex parte Mauricio*, No. 50,995-02.

Assuming that the AEDPA statute of limitations began to run on January 8, 2009, when Mauricio reportedly discovered the facts underlying his current claims, the state habeas corpus application that Mauricio filed on April 26, 2010 was submitted well after the AEDPA limitations period expired on January 8, 2010. Therefore, this application does not extend the limitations period for federal habeas review under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Even if tolling were allowed, the state habeas application was pending for less than two months, which is inadequate to extend the federal habeas deadline in this case.

Mauricio raises no other valid basis for statutory tolling of the limitations period and the record does not disclose any. In that regard, Mauricio does not demonstrate that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there any other factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to toll the limitations period in this instance.

### C. Equitable Tolling

Mauricio does not expressly argue that he is entitled to tolling for equitable reasons; nor does he attempt to show that equitable tolling applies. Equitable tolling is an extraordinary remedy which is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court has held that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010)) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Mauricio fails to meet either of these criteria for reasons discussed further below.

As noted above, Mauricio entered a guilty plea in October of 1998, and he was sentenced in January of 1999. The conviction became final in December 2000. To the extent that Mauricio purports to have uncovered new evidence in 2009 to support his claims, the state habeas corpus court found that the factual predicate for those claims was available to Mauricio well before he presented them in a state habeas application filed on April 26, 2010. Moreover, although the Texas Court of Criminal Appeals dismissed that application on June 23, 2010, Mauricio waited seven months, until February 13, 2011, to execute and file the pending federal petition. Mauricio offers no explanation for this

delay.  It is well established in this circuit that equitable tolling is not available where, as here, the petitioner squanders his federal limitations period.  *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Although Mauricio alleges in his petition that he is actually innocent, the Court notes that he entered a guilty plea to the charges against him and admitted in open court that he was the shooter.  *See Court Reporter's Record*, Plea Hearing, Oct. 28, 1998, at 8. The purported new evidence presented here, which consists of an unauthenticated, unsupported statement prepared by Mauricio's brother-in-law, does not make a credible showing of actual innocence.[3]  Because Mauricio has not shown himself to be actually innocent, he does not establish an excuse for his failure to seek federal habeas corpus

---

3   Once a conviction becomes final, a criminal defendant's claim of actual innocence based on newly discovered evidence can arise in two distinct contexts, only one of which is available on federal habeas review: (1) a free-standing claim that the defendant is, as a matter of fact, innocent of the charged offense, *see Herrera v. Collins*, 506 U.S. 390, 404 (1993) (a *Herrera* claim); or (2) as a gateway to collateral review of a forfeited constitutional claim or to overcome a procedural default under the standard outlined in *Schlup v. Delo*, 513 U.S. 298 (1995) (a *Schlup* claim).  To overcome a procedural default under the *Schlup* standard, a petitioner must "raise a substantial doubt about his guilt." *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).  To be credible, a habeas petitioner must present "new *reliable* evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial."  *Schlup*, 513 U.S. at 324 (emphasis added).  A petitioner must then show that "it is more likely than not that," in light of the new evidence, "no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Id*. at 326-27.  The Supreme Court has emphasized that "the *Schlup* standard is demanding and permits review only in the extraordinary case."  *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotations and citations omitted).  "At the same time, though, the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence."  *Id.*  A petitioner need only demonstrate that "more likely than not, in light of the new evidence, . . . any reasonable juror would have reasonable doubt."  *Id.*  The evidence presented by Mauricio does not approach the level required under *Schlup* or *Herrera*.

review in a timely fashion or show that exceptional circumstances warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (noting that claims of actual innocence are not a "rare and exceptional circumstance" which justifies equitable tolling of the statute of limitations given that many prisoners maintain they are actually innocent); *see also Prince v. Thaler*, 354 F. App'x 846 (5th Cir. 2009) (noting that "[t]here is no precedent in this circuit whether actual innocence may equitably toll the statute of limitations" and declining to address the issue further because the petitioner did not make a showing of actual innocence).

Mauricio does not otherwise articulate an exceptional circumstance that meets the criteria for equitable tolling. Although Mauricio has represented himself on habeas review, the Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition. *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). The petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court. *See Felder v. Johnson*, 204 F.3d 168, 173

(5th Cir. 2000). The Fifth Circuit has counseled, however, that the doctrine of equitable tolling is applies, if at all, "restrictively," and "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)). Given the length of delay and the petitioner's lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Mauricio has not established that he is entitled to tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## III.    CERTIFICATE OF APPEALABILITY

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over fourteen years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss (Docket No. 7) is **GRANTED**.

2. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this 30th day of November, 2011.

_____
Kenneth M. Hoyt
United States District Judge